1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  COREY J. JOHNSON, SR.,              No. 2:14-CV-1971-TLN-CMK-P

12              Petitioner,

13        vs.                           FINDINGS AND RECOMMENDATIONS

14  CALIFORNIA DEPARTMENT
    OF CORRECTIONS AND
15  REHABILITATION,

16              Respondent.

17  _____/

18              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

19  habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's unopposed

20  motion to dismiss (Doc. 11).  Respondent argues that the petition is untimely.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

## I.  BACKGROUND

Petitioner pleaded guilty to two counts of second degree robbery and a number of sentencing enhancements were found to be true.  Petitioner was sentenced on August 14, 2012, to a determinate state prison term of 30 years.  Petitioner then filed five habeas actions in state court as follows:

| | | |
|---|---|---|
| 1st Petition | California Supreme Court | |
| | Filed March 18, 2013 | |
| | Denied May 15, 2013 | |
| 2nd Petition | Sacramento County Superior Court | |
| | Filed May 22, 2013 | |
| | Denied July 24, 2013 | |
| 3rd Petition | California Court of Appeal | |
| | Filed July 3, 2013 | |
| | Denied July 18, 2013 | |
| 4th Petition | Sacramento County Superior Court | |
| | Filed August 2, 2013 | |
| | Denied August 26, 2013 | |
| 5th Petition | California Supreme Court | |
| | Filed September 27, 2013 | |
| | Denied January 15, 2014 | |

The instant federal petition was filed on August 19, 2014.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Petitioner was sentenced on August 14, 2012.  Because petitioner pleaded guilty and did not seek direct review, the one-year limitations period began to run upon the expiration of the time to seek direct review, or on October 14, 2012.  The limitations period then ran for 155 days until petitioner filed his first state petition on March 19, 2013, in the California Supreme Court, at which point the clock stopped for the 59 days until the first petition was denied on May 15, 2013.

Six days later petitioner filed his second state petition on May 22, 2013, in the Sacramento County Superior Court.  As respondent correctly notes, there is no tolling of the limitations period for the time between the denial of his first petition and second petition because petitioner was not moving to the next highest court.  Rather, by filing his first petition in the California Supreme Court and his second petition in the Sacramento County Superior Court, petitioner began a separate round of post-conviction proceedings.  See Delhomme v. Ramirez, 340 F.3d 817 (9th Cir. 2003); Smith, 297 F.3d at 815.  Respondent concedes the limitations

4

1  period was tolled again during the time the second state petition was pending, or until July 24,

2  2013.  The third state petition has no effect on calculating the limitations period because it was

3  filed after and decided before the second petition.

4          Once again petitioner began a new round of post-conviction review with the

5  fourth state petition filed on August 2, 2013, in the Sacramento County Superior Court.

6  Therefore, petitioner is not entitled to tolling for the interval between denial of the third petition

7  and filing of the fourth petition.  As to the time the fourth petition was pending, respondent notes

8  that the state court denied the petition as untimely.  Therefore, the court agrees with respondent

9  that the fourth petition was not "properly filed" and does not operate to toll the limitations

10  period.  Similarly, the fifth petition was also denied as untimely and, therefore, was not "properly

11  filed" for purposes of statutory tolling.  Following denial of the fifth state petition on January 15,

12  2014, petitioner waited 215 days before filing the instant federal action.

13          Following commencement of the one-year limitations period upon expiration of

14  the time to seek direct review, 155 days elapsed before petitioner filed his first state post-

15  conviction action, which tolled the clock.  The clock began to run again upon denial of the first

16  state petition until the second petition was filed six days later because petitioner began a new

17  round of state post-conviction review with the second petition.  The clock stopped again during

18  the time the second state petition was pending.  Because petitioner once again began a new round

19  of state post-conviction review with the filing of the fourth petition, and because both the fourth

20  and fifth petitions were not properly filed, the clock began to run again upon denial of the second

21  state petition on July 24, 2013.  The instant action was filed on August 25, 2014 (with a proof of

22  service dated August 19, 2014), beyond the one-year limitations period even assuming tolling for

23  all of the time through the denial of the last properly filed state petition to be decided (the second

24  petition).  The court finds, therefore, that the petition is untimely.

25  / / /

26  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2016

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE